ROBERT WILLIAMS *et al.,* plaintiffs in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Sayings of one party to a rencounter just before its occurrence, within hearing of the other, may be admitted as part of the *res gestæ,* especially when the objection is not renewed after it is ascertained, on inquiry, by the presiding judge, that the sayings were within hearing of the other party, and the judge considered the objection withdrawn.

2. Where the fight sprang out of the fact that one of the parties rode a mule against the wishes and protestations of the other, it is not irrelevant, and therefore illegal, for the court to charge to the effect that the riding the mule would not in law justify the assault.

3. The evidence being sufficient to support the verdict, this court will not set it aside on the ground that it is against the weight of evidence, the presiding judge being satisfied with the verdict.

4. Where the indictment charges three persons with an assault with intent to murder; that one was armed with an ax, another with a knife, and a third with a stick; that they all struck the person assaulted, who was badly wounded, and the wound described, the state will not be forced to elect with which weapon (knife or ax) it will insist that the crime was committed.

Criminal law. Evidence. Charge of court. Practice in the Superior Court. New trial. Before Judge POTTLE. Hancock Superior Court. April Term, 1877.

Reported in the opinion.

J. T. JORDAN, for plaintiffs in error.

SEABORN REESE, solicitor general, for the state.

JACKSON, Judge.

Three defendants were indicted for assault with intent to murder, and were found guilty. They made a motion for a new trial on the grounds therein alleged. The motion was overruled, and they excepted.

1. The first ground is the admission of the evidence of one Kendrick, that he said to Wm. Griffin (the person assaulted) "not to have any difficulty with these boys. He said he would not, but asked me, 'boss, how am I to get by them without a difficulty?' I told him by not opening his mouth, and if he went by without opening his mouth I would see to it that they should not bother him." The evidence was that the three defendants were on a bridge, which Griffin had passed on a mule about which there was some dispute as he went over first; that he had to re-cross the bridge, and that this conversation occurred on his return. Before the court admitted the evidence, he inquired if the conversation was in hearing of the defendants. The reply was, that they could hear; and thereupon the judge admitted it, the objec-

tion not being renewed. This is the statement of the judge, made on the motion for a new trial and entered thereon in certifying to the grounds thereof, and of course such statement must prevail with us. That being so, we see no error in the ruling for two reasons; first, if the words were heard by defendants just before the rencounter, they may be considered part of the *res gestæ ;* and, secondly, the judge supposed that he was admitting the evidence without objection, as the objection was not renewed when it was brought out by the answer to his question that defendants could hear what was said. Besides, it was not matter of much consequence to defendants, and does not seem calculated to have done them much harm—certainly not enough to authorize a new trial. The second ground was withdrawn.

2. The third ground was the charge to the effect that "the fact that Wm. Griffin took the mule and rode it over defendants' objections and protestations, did not justify them in assaulting him on his return with the mule." It is insisted that this charge was irrelevant and hence illegal. It appears from the evidence that the difficulty arose out of the fact that the defendants claimed control of this mule, and Griffin rode him without their leave and against their will. Such being the fact, the charge was legal and relevant.

3. We do not think the verdict contrary to the evidence, as the fourth and fifth grounds allege. There is plenty of evidence to support the finding, and we decline to interfere on these grounds.

4. The last ground is: "Because the court erred in refusing to sustain defendants' motion, when the indictment was read to the jury, to require the state to elect which weapon charged in the indictment ('knife or ax') they would insist the crime charged was committed with." We know of no law which requires such election to be made. The indictment charged that the assault was made with a common intent—one defendant had an ax, and another a knife, and the third a stick; the *gravamen* of the offense was the assault and the intent to murder, and it was wholly

immaterial which one of the murderous weapons inflicted the wounds, if the indictment charged that all were trying to kill, and struck with some weapon likely to produce death.

In this case the assaulted person.was badly cut, and it is a little singular that he recovered, when his liver and intestines came out of the wound so that he held them in his hand. The defendants are fortunate that Griffin did not die, and that they are not under sentence to be hanged for murder.

Judgment affirmed.